IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AUDREY PONSI,

    Plaintiff,

v.

MAGICAL CRUISE CO., LTD. AND THE VESSEL "DISNEY MAGIC,"

    Defendants.
_____/

No. C 06-02464 WHA

**ORDER RE ATTORNEY'S FEES**

In an effort to sort out the scheduling snafu on the motion to dismiss, the Court has reviewed the record and the parties' submissions about service of the motion. This is what happened:

1. On April 6, 2006, defendants served the moving papers by mail on plaintiff, with the hearing date blank. It was blank because the petition for removal had not yet been filed with the Clerk. The case therefore had not been assigned to a judge, so it was impossible then for defendants to know for what time they could notice the hearing.

2. On April 7, the petition and motion were filed with the Clerk. At that time, the blanks related to the hearing date were filed in. Plaintiff received notice of this filing by email. The email, however, only alerted plaintiff's counsel to the filing. It did not provide the hearing date or time. Also, it was impossible for plaintiff's

1  counsel to access the documents online, because no PDF version of the filings
2  had yet been provided to the Court.
3  3. Defendants failed to file these updated moving papers, containing the hearing
4  date and time on plaintiff.  Defendants concede this failure (Foo Decl. ¶ 7).
5  4. Defendants failed to file PDF versions of the petition and motion papers, as
6  required.  On April 28, the Clerk informed defendants of their failure to do so.
7  5. Defendants finally filed PDF versions of the moving papers, including the
8  hearing time and date, on May 9, 2006, two days before the opposition was due.
9  It was only at that time that plaintiff would have been able to consult the online
10 docket to determine the time of the hearing.

These facts demonstrate that counsel for defendants Magical Cruise Co. and the vessel "Disney Magic" failed to properly notice the motion for dismiss, both in hard copy and by not providing timely electronic versions of the notice and motion.  As a result, counsel for plaintiff Audrey Ponsi incurred unnecessary and additional expenses by attending the June 1 hearing.  Defendants are therefore **ORDERED TO PAY $1,000** in attorney's fees to plaintiff by **NOON, JUNE 9, 2006**.  The Court finds that this amount is sufficient and proper to compensate plaintiff's counsel for the lost time.  If any party objects to the amount, they must do so by **NOON, JUNE 9, 2006**.  Any objection that the amount is too high immediately will stay the requirement to pay the money.  The Court then will direct parties on how to litigate the amount.

**IT IS SO ORDERED.**

Dated: June 5, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE