United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY PONSI, | No. C 06-02464 WHA |
| Plaintiff, | |
| v. | **ORDER (1) DENYING MOTION TO DISMISS (2) TRANSFERRING ACTION AND (3) VACATING HEARING** |
| MAGICAL CRUISE CO., LTD., AND THE VESSEL "DISNEY MAGIC," | |
| Defendants. | |

## INTRODUCTION

In this action alleging a slip-and-fall aboard a cruise ship, defendant Magical Cruise Co. moves to dismiss the instant action on the grounds that it is brought in the wrong forum. Plaintiff Audrey Ponsi agreed with Magical Cruise to litigate any dispute relating to the cruise contract between them in the state courts of Brevard County, Florida, or in the United States District Court for the Middle District of Florida, Orlando Division. There is no valid reason not to enforce the forum-selection clause. The motion to dismiss is **DENIED**, however, because a transfer is in the interest of justice.

## STATEMENT

Plaintiff's cruise ticket was reserved by her daughter, Roxanne Ponsi, in 2004. The ticket was received by plaintiff on July 1, 2005. She boarded the ship Disney Magic on July 23, 2005. Upon embarking that day, she signed a cruise contract signature form, thus

1  acknowledging that she had read, understood and received a copy of the cruise contract. The
2  cruise contract contains the following provisions:

3  > Guest accepts this Cruise Contract subject to all the terms,
   > conditions, limitations, exceptions and provisions contained
4  > herein. ¶ . . .
   > The Cruise Contract shall be deemed to be an undertaking and
5  > acknowledgment by Guest . . . that [she] accept[s] and agree[s] to
   > all the terms and conditions herein. ¶ . . .
6  > IT IS AGREED BY AND BETWEEN GUEST AND CARRIER
   > THAT ALL CLAIMS, DISPUTES AND MATTERS
7  > WHATSOEVER ARISING UNDER, ARISING OUT OF, OR
   > RELATING TO THIS CRUISE CONTRACT SHALL BE
8  > LITIGATED, IF AT ALL, IN AND BEFORE ANY COURT OF
   > COMPETENT JURISDICTION LOCATED IN BREVARD
9  > COUNTY, FLORIDA, U.S.A., OR THE UNITED STATES
   > DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA,
10 > ORLANDO DIVISION, TO THE EXCLUSION OF COURTS
   > LOCATED IN ANY OTHER COUNTY, DISTRICT, STATE,
11 > COUNTRY, TERRITORY OR POSSESSION

12 (Santiago Decl. ¶¶ 7–9, 12, 13, Exhs. 2–5).

13  Plaintiff claims that she slipped and fell on a wet deck aboard the ship. She claims the
14 deck was wet due to defendants' negligence. Her kneecap was broken in the accident. She
15 filed suit in California state court. The action was removed here (Compl. ¶¶ 3, 5, 6; Notice of
16 Removal; Simons Decl. ¶ 2).

17 **ANALYSIS**

18  Magical Cruise invokes Federal Rules of Civil Procedure 12(b)(1)–(b)(3) in asking for
19 dismissal of this action. The first two provisions invoke lack of subject-matter or personal
20 jurisdiction. Rule 12(b)(3), however, relates to improper venue and is dispositive. This order
21 therefore does not address arguments for dismissal under the first two rules.

22  Plaintiff does not contest that the forum-selection clause applies to the instant action.
23 Her only argument against enforcement of the clause is that "the economic and physical
24 hardships to Ms. Ponsi from enforcement of the forum selection clause would deprive her of her
25 day in court, and the clause therefore should not be enforced" (Opp. 1–2). Since her injury,
26 allegedly aboard the cruise ship, she cannot walk more than one block. She uses an electric cart
27 for shopping and other day-to-day chores. Plaintiff, who is 79, and her husband depend upon
28 Social Security benefits and an American Airlines pension for a maximum total monthly

income of $2,700. They own a home, subject to a mortgage. Plaintiff can fly for free aboard American Airlines. If she traveled to Florida, however, she would have to get a caregiver for her husband. His medical condition bars him from flying (Ponsi Decl. ¶¶ 1–2).

Plaintiff cites only one decision in support of not enforcing the clause. In *Walker v. Carnival Cruise Lines*, 107 F. Supp. 2d 1135 (N.D. Cal. 2000), two plaintiffs alleged that a cruise company had violated the Americans with Disabilities Act by failing to provide accessible accommodations aboard the ship. Judge Thelton Henderson denied one defendant's motion to dismiss for improper venue, ruling that the forum-selection clause in the cruise contract would not be enforced because "plaintiffs' physical disabilities and economic constraints are so severe that, in combination, they would preclude plaintiffs from having their day in court." *Id.* at 1138.[*]

In *Walker*, one of the plaintiffs was incontinent and unable to use airplane restrooms due to the width of her wheelchair. She had suffered repeated humiliation when fellow airline passengers complained about her urinary and bowel accidents. She submitted evidence that she would rather drop the lawsuit than suffer the humiliation she expected from flying to the designated forum in Florida. The other plaintiff was "wheelchair bound with limited bladder and bowel control[,] thus requiring immediate restroom access at all times." By train, her travel time would have increased to 3.5 days each way, at a cost of $1,858. The trip by automobile would have taken the plaintiff at least five days. One of the plaintiffs had, with her husband and two children, only $400 per month for food and discretionary expenses. The other plaintiff had a family of three with $700 for food and discretionary expenses. *Id.* at 1141 (internal quotation marks omitted).

By contrast, plaintiff here is not incontinent and can walk short distances. She can fly for free. She and her husband have $2,700 in monthly income. (That money is divided between two people, not three or four, as in *Walker*.) She might be able to avoid flying to Florida

---

[*] Judge Henderson also based his ruling on a second reason: that the plaintiffs were "seeking to vindicate important civil rights." *Walker*, 107 F. Supp. 2d at 1138. Plaintiff here presents no such argument.

3

1  entirely.  Her lawyers probably can attend most if not all hearings in Florida alone.  Once before
2  the district court in Florida, she can move to transfer for convenience.
3       The ruling in *Walker* was premised on the conclusion that the plaintiffs' economic and
4  physical problems were so great that moving their case to Florida effectively would deprive
5  them of their day in court.  *See id.* at 1138.  No so here.  There is no reason not to enforce the
6  clause.
7       Plaintiff requested in her opposition that, if venue is improper here, the action not be
8  dismissed but instead be transferred to the United States District Court for the Middle District
9  of Florida.  Such a transfer is warranted under 28 U.S.C. 1406(a), which provides that "[t]he
10 district court of a district in which is filed a case laying venue in the wrong . . . district shall
11 dismiss, or if it be in the interest of justice, transfer such case to any district or division in which
12 it could have been brought."  Transfer is a more efficient and just outcome than dismissal
13 because, at the very least, it will save plaintiff money while not impairing any of Magical
14 Cruise's contract rights.

### CONCLUSION

For the reasons stated above, the **ACTION IS TRANSFERRED** to the Orlando Division of the United States District Court for the Middle District of Florida.  **THE CLERK HERE IS ORDERED TO TAKE ALL STEPS NECESSARY TO ACCOMPLISH THIS.**

**IT IS SO ORDERED.**

Dated: July 7, 2006

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

4